UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

EARL H. L.,

              Plaintiff,

    v.                                                                              No. 5:23-cv-643
                                            (AMN/ML)

MARTIN O'MALLEY, COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION,

              Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **HILLER COMERFORD INJURY &** **DISABILITY LAW** 6000 North Bailey Avenue – Suite 1A Amherst, New York 14226 *Attorneys for Plaintiff* | **JUSTIN M. GOLDSTEIN, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION** 6401 Security Boulevard Baltimore, Maryland 21235 *Attorneys for Defendant* | **VERNON NORWOOD, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

**DECISION & ORDER**

**I.     INTRODUCTION**

On May 30, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of the decision of the Commissioner of Social Security ("Commissioner") denying his

application for disability insurance benefits ("DIB") and supplemental security income benefits

("SSI") for a lack of disability.  Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on July

26, 2024, recommended that the Court grant Defendant's motion for judgment on the pleadings,

Dkt. No. 13, deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, and affirm the Commissioner's judgment.  *See* Dkt. No. 15 ("Report-Recommendation").[1]  Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 29.[2]  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

[1] On September 25, 2024, the case was reassigned to the undersigned.  Dkt. No. 16.

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

### III.    DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Lovric concluded that the Commissioner's decision complied with the relevant legal standards and was supported by substantial evidence.  Dkt. No. 15 at 13-29.  First, Magistrate Judge Lovric determined that the Administrative Law Judge ("ALJ") properly considered Plaintiff's reported subjective complaints, his symptomology, his activities of daily living, his roommate's lay testimony, and his purported reasons for not seeking medical treatment against the record as a whole.  *Id.* at 16-20.  The Court agrees with Magistrate Judge Lovric's conclusion.  *See, e.g., Shari L. v. Kijakazi*, No. 8:30-CV01266 (ATB), 2022 WL 561563, at *12 (N.D.N.Y. Feb. 24, 2022) ("An ALJ's evaluation of a social security claimant's subjective symptoms 'is entitled to substantial deference by a reviewing court'") (citation omitted); *Teresi v. Comm'r of Soc. Sec.*, 19-CV-1268, 2020 WL 5105163, at *14 (S.D.N.Y. Aug. 31, 2020) (holding that an ALJ's discounting of lay testimony was not erroneous when he "properly evaluated [the] testimony and identified certain inconsistencies"); *Diaz-Sanchez v. Berryhill*, 295 F. Supp. 3d 302, 306 (W.D.N.Y. 2018) ("Where, as here, a claimant has sought little-to-no treatment for an allegedly disabling condition, [his] inaction may appropriately be construed as evidence that the condition does not pose serious limitations").

Next, Magistrate Judge Lovric found that the ALJ's assessment of the medical opinion evidence was not legally erroneous and that the ALJ properly applied the correct legal standard to his analysis of the persuasiveness of the medical opinions.  *Id.* at 20-26.  Again, the Court agrees with Magistrate Judge Lovric's conclusion.  *See Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448

(2d Cir. 2012) (finding that if the ALJ's analysis is not so unavailing that "a reasonable factfinder would have to conclude otherwise," his conclusions will stand on judicial review).

Finally, Magistrate Judge Lovric determined that there was no ground for remand based on an incomplete record because the ALJ expressly relied on evidence in the record and Plaintiff failed to identify how the allegedly missing evidence would have affected his case. *Id.* at 26-29. Again, the Court agrees with Magistrate Judge Lovric's conclusion. *See Reices-Colon v. Astrue*, 523 F. App'x. 796, 799 (2d Cir. 2013) (finding plaintiff did not identify a "specific record that was missing, much less explain[ed] how it would have affected [his] case.").

In sum, Magistrate Judge Lovric concluded that substantial evidence supports the ALJ's determination that Plaintiff was not under a disability within the meaning of the Social Security Act. Dkt. No. 15 at 29. The Court agrees with Magistrate Judge Lovric for the reasons set forth in the Report-Recommendation. *See, e.g.*, *Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it") (citations and internal quotations omitted), *report and recommendation adopted,* 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Decision and Order on all Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


Dated:  September 26, 2024
        Albany, New York

Anne M. Nardacci
U.S. District Judge